UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                          Plaintiff,    :
                                        :          10 Civ. 7374 (DLC)
             -v-                        :
                                        :          OPINION & ORDER
MARIO MASTELLONE,                       :
                          Defendant.    :
                                        :
----------------------------------------X

Appearances:

For plaintiff:
Alicia M. Simmons
Assistant United States Attorney
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007

For Defendant:
Pamela Susan Roth
26 Court Street, Ste. 810
Brooklyn, New York 11242

DENISE COTE, District Judge:

       The United States of America (the "Government") brings

this action against Mario Mastellone ("Mastellone"), asserting

claims under the False Claims Act, 31 U.S.C. § 3729 et seq., as

well as remedies under common law for defrauding the U.S.

Department of Justice ("DOJ") Victim Compensation Fund of 2001

(the "DOJ Fund").  The Government has moved for summary judgment

pursuant to Rule 56(e), Fed. R. Civ. P.  This motion is

unopposed.  For the reasons stated below, the motion is granted.

BACKGROUND

The following facts are undisputed.  Congress established the DOJ Fund to provide financial assistance to individuals who were physically injured or lost their lives as a result of the terrorist attacks on September 11, 2001.  See Section 401 of the Air Transportation Safety and System Stabilization Act ("ATSSSA"), 49 U.S.C. § 40101.  The DOJ Fund was administered by the Attorney General, acting through an appointed Special Master.  Id. § 404.  To receive an award from the DOJ Fund, an individual had to submit a claim setting forth the physical harm he suffered from the events of September 11, 2001, as well as the economic and non-economic loss he incurred.  Id. § 405(a)(2)(B); 28 C.F.R. § 104.21(a).  The Special Master then determined the award amount to be paid to each claimant.  Id. §§ 406(a), (d).

On August 8, 2003, Mastellone submitted an application to receive compensation from the DOJ Fund (the "Application"). Defendant stated in the Application that he had been permanently and totally disabled as a result of an injury sustained in connection with the events of September 11, 2001.  He also stated that he had been unable to work since that time, and was no longer capable of performing "household chores such as cleaning the pool, mowing the lawn, etc."

2

At a personal injury award hearing conducted on December 2, 2003, Mastellone testified that he had not worked since September 11, 2001 and was no longer able to perform household chores such as painting and making repairs, performing pool maintenance and decorating the house for the holidays.  The DOJ Fund awarded Mastellone $1,076,789.00.

On January 31, 2008, Mastellone pled guilty to a felony charge of fraudulently stealing money from the United States, in violation of 18 U.S.C. § 641, resulting from his application for and receipt of a monetary award from the DOJ Fund.  Defendant admitted that he claimed in his Application that he was totally and permanently disabled as a result of the events of September 11, 2001, when that was not the case.  Mastellone also admitted that his Application stated that he could not and had not performed work, when in fact he had.  Defendant admitted that he performed this act willfully and knowingly, and that in doing so he stole or converted for his own use money that rightfully belonged to the United States.

The Honorable Victor Marrero accepted the defendant's plea, finding that he understood the charges against him, that he understood the consequences of pleading guilty, that his plea was voluntary, and that there was a factual basis for the plea. On June 13, 2008, Mastellone was sentenced to 30 months'

imprisonment, and was ordered to pay $100,000 in restitution to the DOJ Fund.

On September 24, 2010, the Government brought this action pursuant to 31 U.S.C. § 3730(a) based on the same factual allegations raised in the criminal case against Mastellone. Pursuant to the False Claims Act, 31 U.S.C. §§ 3729(a)(1)(A), 3729(a)(1)(B), and common law, the Government seeks to recover treble damages and statutory penalties.

On June 6, 2011, the Government filed a motion for summary judgment.  Mastellone was given until July 29 to file his opposition to the June 6 Motion.  Plaintiff failed to file an opposition.  The Court has not received any communication from Mastellone since his opposition brief was due.


DISCUSSION

Summary judgment will be granted where, upon all of the submissions taken together, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating the absence of material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party. Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986); <u>Sista v. CDC Ixis N. Am., Inc.</u>, 445
F.3d 161, 169 (2d Cir. 2006).

When a non-moving party fails to oppose a motion for
summary judgment, a court

> may not grant the motion without first examining
> the moving party's submission to determine if it
> has met its burden of demonstrating that no
> material issue of fact remains for trial.  If the
> evidence submitted in support of the summary
> judgment motion does not meet the movant's burden
> of production, then summary judgment must be denied
> even if no opposing evidentiary matter is
> presented.

<u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 110 (2d Cir.
2006) (citation omitted).  "Even unopposed motions for summary
judgment must fail where the undisputed facts fail to show that
the moving party is entitled to judgment as a matter of law."
<u>Id</u>. (citation omitted).

I. FCA Claims

The Government alleges that Mastellone violated the FCA, 31
U.S.C. §§ 3729(a)(1)(A) and (a)(1)(B).  Section 3729(a)(1)(A)
subjects an individual to liability if he "knowingly presents,
or causes to be presented to an officer or employee of the
United States Government . . . a false or fraudulent claim for
payment or approval."  31 U.S.C. § 3729(a)(1)(A).  To establish
liability under 31 U.S.C. § 3729(a)(1)(A), the Government must
demonstrate the defendant "(1) made a claim, (2) to the
[G]overnment, (3) that is false or fraudulent, (4) knowing of

its falsity, and (5) seeking payment from the federal treasury."
Mike v. Straus, 274 F.3d 687, 695 (2d Cir. 2001).

Section 3729(a)(1)(B) imposes civil liability on a person
who "knowingly makes, uses, or causes to be made or used, a
false record or statement material to a false or fraudulent
claim."  31 U.S.C. § 3729(a)(1)(B).  "Material" for purposes of
31 U.S.C. § 3729(a)(1)(B), is defined as "having a natural
tendency to influence, or be capable of influencing, the payment
or receipt of money or property."  Id. § 3729(b)(4).

Additionally, 31 U.S.C. § 3731(e) provides that

> [n]otwithstanding any other provision of law, the
> Federal Rules of Criminal Procedure, or the Federal
> Rules of Evidence, a final judgment rendered in
> favor of the United States in any criminal
> proceeding charging fraud or false statements,
> whether upon a verdict after trial or upon a plea
> of guilty or nolo contender, shall estop the
> defendant from denying the essential elements of
> the offense in any action which involves the same
> transaction as in the criminal proceeding and which
> is brought under subsection (a) or (b) of section
> 3730.[1]

The undisputed evidence shows that Mastellone is liable
pursuant to both §§ 3729(a)(1)(A) and (B) since he knowingly
made false statements in his Application to the DOJ Fund, and
the false statements he made were material in that they
influenced the Special Master's decision to pay him an award.

---

[1] Section 3730(a) authorizes the Attorney General to bring civil
actions against persons who violate 31 U.S.C. § 3729.  31 U.S.C.
§ 3730(a).

Furthermore, pursuant to § 3731, Mastellone is estopped from denying the essential elements of the §§ 3729(a)(1)(A) and (B) offenses, since these claims involve the same transaction at issue in Mastellone's prior criminal proceeding, at which he pled guilty.[2]

II. Damages

  A. Treble Damages

    If found to have violated the FCA, a defendant "is liable to the United States Government for . . . 3 times the amount of damages which the Government sustains because of the act of that person," plus civil penalties.  31 U.S.C. § 3729(a).[3]  In calculating damages, the starting point is the total amount by which the defendant defrauded the government.  "[W]here there is no tangible benefit to the government, and the intangible benefit is impossible to calculate, it is appropriate to value damages in the amount the government actually paid to the Defendants."  United States ex rel. Longhi v. Lithium Power

---

[2] Mastellone would also be barred from disputing these facts under the federal common law of issue preclusion.  See Roe v. City of Waterbury, 542 F.3d 31, 41 (2d Cir. 2008).

[3] The FCA's treble damages remedy is mandatory unless the defendant qualifies for reduced damages under §3729(a)(2), in which case the court may assess no less than double damages. "This exception, however, applies only in some of those (presumably few) cases involving defendants who provide information concerning the violation before they have knowledge that an investigation is underway."  Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 785 n.16 (2000).  This is not such a case.

Techs., Inc., 575 F.3d 458, 473 (5th Cir. 2009); see also United
States ex rel. Antidiscrimination Center of New York, Inc. v.
Westchester County, No. 06 Civ. 2860 (DLC), 2009 WL 1108517, at
*1 (S.D.N.Y April 24, 2009) (damages are "the amount that [the
Government] paid out by reason of the false statements over and
above what it would have paid if the claims had been truthful."
(quoting United States v. Woodbury, 359 F.2d 370, 379 (9th Cir.
1966))).

      Here, it is undisputed that Mastellone's false statements,
in violation of the FCA, enabled him to receive $1,076,789 from
the DOJ Fund.  Subjecting this baseline amount to the FCA's
treble damages penalty, Mastellone's liability totals
$3,230,367.  Credit, however, may be given for any amount that
has been or will be paid to the Government in restitution in the
criminal action.

   B. Civil Penalties
      In addition to treble damages, the defendant's submission
of the fraudulent DOJ Fund application renders him liable for a
civil penalty.  A court has discretion to assess the amount of
the penalty within the statutory range of $5500 and $11,000.
See 31 U.S.C. § 3729(a)(1); 28 C.F.R. § 85.3(a)(9).  The
Government, in its unopposed motion, has requested that the
maximum penalty of $11,000 be levied.  Mastellone's deception --
defrauding a fund meant to alleviate the suffering of 9/11

victims -- is sufficiently serious to warrant the maximum
penalty.


CONCLUSION

The Government's June 6 motion for summary judgment is
granted.   The Clerk of Court shall enter judgment for the
Government in the amount of $3,241,367.00, less any restitution
payments in the criminal action, and close this case.

SO ORDERED:

Dated:     New York, New York
           September 12, 2011

                                    _____
                                    DENISE COTE
                                    United States District Judge

9